UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-675-CAS (PLAx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | HEALTHY HABITS, INC.; ET AL. v. FUSION EXCEL CORP.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **( In Chambers:) DEFENDANTS FUSION EXCEL INTERNATIONAL SDN BHD & PAUL TING'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** (filed 5/2/11)

## I.   INTRODUCTION

On January 21, 2011, plaintiffs Healthy Habits, Inc., Dr. Thomas Stone, Rosemary Stone, The Scalar Factor, LLC, Fred Lawson, Janice Lawson, Randy Riggs, Dean Riggs, Delano Hadarly, Reynold Hewitt, and Marilyn Gardner filed a complaint in the instant action against defendants Fusion Excel Corp., Fusion Excel International Limited aka FE Brands, Paul Ting, Jeremiah Looi aka Jeremy Looi, Fusion Excell LLC, Benjamin Cuaresma aka Benjamin Cuaresma Jr. aka Benji Cuaresma, Gloria Cuaresma, John G. Florendo, Debbie Florendo, and Arturo Medina aka Arthur Medina. The complaint alleges claims for: (1) violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (the "Exchange Act"); (2) violation of § 5 of the Exchange Act, 15 U.S.C. § 77e; (3) violation of § 17(b) of the Securities Act of 1933, 15 U.S.C. § 77(q)(b) (the "Securities Act"); (4) violation of § 12 of the Securities Act; (5) violation of § 20(a) of the Exchange Act; (6) violation of Cal. Bus. & Prof. Code § 17200 et seq.; (7) fraud and deceit; (8) breach of contract; (9) conversion; (10) unjust enrichment. The claims arise out of an alleged "multi-level marketing" program with respect to "scalar energy" products, including the "Quantum Pendant." Compl. at ¶¶ 30, 31. "Under the Fusion Excel Malaysia business opportunity, sales of the 'Quantum Pendant' and other 'scalar energy' products are licensed to individuals who are supposedly allowed to exclusively control specific territories. Those individuals then sell through a network of licensees who are supposed

to be paid based on the volume of sales by others who they help to recruit either directly or indirectly." Id. at ¶ 31.

On April 4, 2011, the Court granted defendants' motion to dismiss with prejudice with respect to plaintiffs' second claim, and without prejudice with respect to the remainder of plaintiffs' federal claims. The Court did not reach plaintiffs' state law claims. On April 19, 2011, plaintiffs filed a first amended complaint ("FAC").

On May 2, 2011, defendants Fusion Excel International Sdn Bhd ("FE Malaysia") and Paul Ting ("Ting") filed the instant motion to dismiss plaintiffs' FAC. On May 16, 2011, plaintiffs filed an opposition to defendants' motion. On May 23, 2011, defendants filed a reply in support of their motion. On June 6, 2011, the Court held a hearing on the matter. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-675-CAS (PLAx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | HEALTHY HABITS, INC.; ET AL. v. FUSION EXCEL CORP.; ET AL. | | |

federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### B. Rule 12(b)(6): Failure to State a Claim

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-675-CAS (PLAx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | HEALTHY HABITS, INC.; ET AL. v. FUSION EXCEL CORP.; ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Defendants FE Malaysia and Ting argue that the action should be dismissed because this Court lacks subject matter jurisdiction to the extent that plaintiffs fail to show the sale of a "security," thereby eliminating the sole premise for this Court's jurisdiction over the action. "The revamped federal securities laws allegations claims focus on what the Plaintiffs label as the 'preferred stock' feature of the E-packs, i.e. the Leadership Bonus. Those claims fail to state a claim upon which relief can be granted because the 'Leadership Bonus' is a bonus or incentive plan to promote the sale of scalar energy products and is not an investment contract." Mot. at 1. Defendants argue that the "E-Packs" as alleged by plaintiffs were not investment contracts, but rather an incentive plan to encourage the sales of more scalar products. "The FAC and Exhibit 1 to the Motion to Dismiss show that the Leadership Bonus is an inextricable feature of the Epack purchase *i.e.* the purchase of 30 scalar energy products for $1,395. It also is clear from the FAC that the products are being purchased by Plaintiffs for resale and that the profits are earned as a result of the resale. The 'Leadership Bonus' is part of FE Malaysia's global marketing plan to promote additional sales of product. The Bonus does not exist and cannot be earned unless at least 30 products are purchased. The source for payment of the Leadership Bonus is FE Malaysia's marketing budget–not an ongoing share of its profits." Reply at 5. Defendants further argue that plaintiffs' securities claims fail because they "have not sufficiently alleged intent, reliance, causation or damages" to meet the standards set by the Private Securities Litigation Reform Act (the "PSLRA"). Mot. at 1, 10.

Additionally, even if the Court were to conclude that plaintiffs' claims under the Exchange Act and Securities Act were alleged sufficiently, defendants argue that the Court should dismiss plaintiffs' state law claims, because they do not arise from the same controversy as plaintiffs' federal claims, and therefore the Court should not exercise supplemental jurisdiction. "Specifically, the state law claims involve different Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-675-CAS (PLAx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | HEALTHY HABITS, INC.; ET AL. v. FUSION EXCEL CORP.; ET AL. | | |

and Defendants and the proof at trial on the two scenarios will be different because they involve different alleged representations which are not involved in the securities claims." Id. at 6-7. "The securities claims relate to alleged representations regarding Epacks after June of 2010. The state law claims allege promissory fraud, contract and statutory claims related to alleged promises made before June of 2010 respecting Policies and Procedures, exclusive territories, commissions and down lines related to non-Epack product sales." Id. at 6. Moreover, defendants argue that plaintiffs' state law claims fail to state a claim for which relief can be granted, and incorporate their arguments to that effect from their prior motion to dismiss. Id. at 14.

In opposition, plaintiffs dispute defendants' characterization of the "E-Packs" purchased. Plaintiffs contend that "[t]he E-pack is a participation in a pool of Fusion's so-called World Wide Profits. By investing in this pool, the distributors are guaranteed monthly income. Plaintiffs return on investment did not require any work efforts on behalf of Plaintiffs as Plaintiffs would be benefitting off the efforts." Opp. at 3. "Moreover, any monies earned by the Plaintiffs from the sale of the scalars are unrelated to the participation in the E-pack investment pool. The supposed monthly guaranteed income is paid to the E-pack investor whether or not he or she sells scalars." Id. at 5 (emphasis in original). Plaintiffs further argue that their allegations are sufficiently pleaded pursuant to the PSLRA.

With respect to plaintiffs' state law claims, they argue that the exercise of supplemental jurisdiction is appropriate because "both the state claims and the federal question claims arose out of Tings' [sic] sales pitches. More importantly, Ting used the promise of the E-pack's guaranteed income as his lever to entice new distributors to join Fusion. The offer and sale of the E-pack is therefore inextricably intertwined with all aspects of the distribution arrangement and the recruitment of distributors for Fusion." Id. at 8.

The Court concludes that plaintiffs adequately allege the existence of securities. The dispute between the parties with respect to the character of the "E-Packs" is not properly resolved on a motion to dismiss. As argued by plaintiffs, "[d]efendants' interpretation of its version of the facts that are not alleged in the FAC is inappropriate at the pleading stage and as its is [sic] more properly set for a motion for summary judgment." Opp. at 7. The Court further finds that plaintiffs have adequately pleaded their claims in compliance with the PSLRA. See FAC ¶¶ 48, 50, 51-57, 66, 69, 72, 98,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-675-CAS (PLAx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | HEALTHY HABITS, INC.; ET AL. v. FUSION EXCEL CORP.; ET AL. | | |

103, 104, 105. The Court therefore DENIES defendants' motion with respect to plaintiff's first through fifth claims.[1] The Court GRANTS defendants' motion with respect to plaintiffs' sixth through ninth claims for lack of jurisdiction, without prejudice to plaintiffs' filing an action in state court. The Court concludes that these claims do not arise from the same nexus of operative facts as plaintiffs' federal claims. Plaintiffs' federal claims arise from the sale of alleged unregistered securities and alleged fraudulent misrepresentations associated with those sales. Plaintiffs' state claims relate to a separate alleged fraudulent scheme by defendants related to the sale of scalar products. Therefore, the Court declines to exercise supplemental jurisdiction over these claims.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion with respect to plaintiffs' first through fifth claims, and GRANTS defendants' motion with respect to plaintiffs' sixth through ninth claims. Claims seven through nine are dismissed without prejudice to plaintiffs bringing those claims in state court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] The Court concludes that it is proper to dismiss plaintiffs' fifth claim for violation of Cal. Bus. & Prof. Code § 17200, even though the predicate violations alleged in this claim are the same as those alleged in plaintiffs' securities claims. While this might otherwise support an exercise of supplemental jurisdiction, there is no basis for the application of California law to the claim. While the claims is asserted by all plaintiffs against all defendants, the only plaintiffs who have standing to bring the claim are those who have allegedly purchased the E-packs in question, namely plaintiffs Dr. Thomas Stone, Dean Riggs, Randy Riggs, Fred Lawson, and Janice Lawson. FAC ¶ 47. These plaintiffs appear to be citizens of Utah, Nevada, and Florida, not California. Further, there is no allegation that any activities related to the sale of E-packs took place in the state of California. Therefore the Court dismisses this claim as well.